**FILED**

**NOT FOR PUBLICATION**

NOV 16 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUNEARTH, INC., a California corporation; THE SOLARAY CORPORATION, a Hawaiian corporation, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> SUN EARTH SOLAR POWER CO., LTD., a Chinese limited liability company, FKA Ningbo Solar Electric Power Co., Ltd.; NBSOLAR USA INC., a California corporation, <br><br> Defendants - Appellees. | No. 13-17622 <br><br> D.C. No. 4:11-cv-04991-CW <br><br><br> MEMORANDUM* |
| SUNEARTH, INC., a California corporation; THE SOLARAY CORPORATION, a Hawaiian corporation, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> SUN EARTH SOLAR POWER CO., LTD., a Chinese limited liability company, FKA Ningbo Solar Electric Power Co., Ltd.; NBSOLAR USA INC., a California corporation, <br><br> Defendants - Appellees. | No. 15-16096 <br><br> D.C. No. 4:11-cv-04991-CW |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Senior District Judge, Presiding

Argued and Submitted December 8, 2015
San Francisco, California

Before: KOZINSKI, BYBEE, and CHRISTEN, Circuit Judges.

The district court did not abuse its discretion by granting an injunction that permitted Sun Earth Solar Power Co., Ltd. and its subsidiary NBSolar USA Inc. (collectively, "SESP") to identify Sun Earth Solar Power Co., Ltd. as the manufacturer, importer, or seller on goods "branded as NBSolar rather than Sun Earth . . . to the minimum extent necessary as required by law or ordinary business customs to operate within the United States under the NBSolar name." When fashioning an injunction to remedy trademark infringement, the district court has the discretion to permit non-misleading uses of a trade name. *See E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1297–98 (9th Cir. 1992). Nor does the exception violate Rule 65(d)'s requirements that the order granting the injunction "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained." Fed. R. Civ. P. 65(d). An injunction allowing limited use of a trademark need not "catalog the entire universe of possible uses" but must only, as

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

2

here, give the trademark holder "adequate notice" of the enjoined party's permissible uses. *See GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1211 (9th Cir. 2000).

In light of the en banc per curiam opinion in this matter, we do not decide whether the district court erred in determining that this was not an exceptional case. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), and *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744 (2014), altered the analysis of fee applications under the Lanham Act. Therefore, district courts analyzing a request for fees under the Lanham Act should examine the "totality of the circumstances" to determine if the case was exceptional, *Octane Fitness*, 134 S. Ct. at 1756, exercising equitable discretion in light of the nonexclusive factors identified in *Octane Fitness* and *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994), and using a preponderance of the evidence standard, *Octane Fitness*, 134 S. Ct. at 1758.

The district court did not abuse its discretion in failing to order contempt sanctions against SESP for infringing content on its independent distributors' websites. The injunction only applied to websites maintained by SESP. Sun Earth, Inc. has not shown that SESP engaged in the type of knowing, affirmative conduct necessary for it to have aided or abetted its distributors' violations. *See Inst. of*

*Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 950–52 (9th Cir. 2014).

Appellants also request attorney's fees as damages for time expended responding to SESP's cross appeal. SESP filed a cross appeal, failed to prosecute it, but refused to stipulate to dismissal. We recognize that appellants may be entitled to a modest fee award due to this dilatory conduct, *see* 28 U.S.C. § 1912, Fed. R. App. P. 38, and refer appellants' motion to the Appellate Commissioner. *See* 9th Cir. R. 39-1.9.

Accordingly, we AFFIRM the district court's permanent injunction and its denial of sanctions, and REMAND to the district court for reconsideration of whether appellant SunEarth Inc. is entitled to attorney's fees.[2] Parties shall bear their own costs on appeal.

**AFFIRMED IN PART AND REMANDED IN PART.**

---

[2] We also DENY Appellants' motion to supplement the record as moot.